IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:05cv171-MHT-SRW |
| BRIAN McKEE | ) | (WO) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a motion by federal inmate Brian McKee ("McKee") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. PROCEDURAL HISTORY

On January 22, 2002, a jury found McKee – one of 4 codefendants in a 31-count indictment – guilty of: conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371 (Count 1); mail fraud, in violation of 18 U.S.C. § 1341 (Counts 2-18); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 19); and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Counts 20-31).  On May 3, 2002, the district court sentenced McKee to 60 months in prison on Counts 1-18 and to 94 months in prison on Counts 19-31, with all terms to run concurrently.  McKee appealed, and on July 30, 2003, the Eleventh Circuit Court of Appeals affirmed his conviction and sentence.  *See United States v. Williamson*, 339 F.3d 1295 (11th Cir. 2003).  McKee then petitioned the United States Supreme Court for a writ of certiorari, which was denied on February 23, 2004.  *See McKee v. United States*, 540 U.S. 1184 (2004) (No. 03-981).

On February 22, 2005, McKee, through counsel, filed this § 2255 motion (Doc. No. 1), in which he argues the following:

1. The district court's enhancement of his offense level based on specific offense characteristics constituted judicial fact-finding in violation of his Sixth Amendment rights, as set forth in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

2. His counsel rendered ineffective assistance at sentencing by failing to raise a *Blakely/Booker*-type argument that the enhancement of his offense level based on judicial fact-finding violated his Sixth Amendment rights.

3. He was denied effective assistance of counsel because of an actual conflict of interest between him and the lawyers who represented him throughout the criminal proceedings.[1]

The government responds that McKee is entitled to no relief because his claims are either procedurally barred or without merit. (Doc. No. 6.) McKee was afforded an opportunity to respond to the government's submission, but has not done so. After careful consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the Magistrate Judge concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

**A.**   ***Blakely v. Washington* and *United States v. Booker***

---

[1] For organizational and analytical purposes, this court has recast some of McKee's claims in a more appropriate form.

McKee contends that the district court's enhancement of his offense level based on specific offense characteristics constituted judicial fact-finding in violation of his Sixth Amendment rights, as set forth by the Supreme Court in *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).[2]  (Doc. No. 1 at 2; Doc. No. 2 at 16-20.)  McKee argues that because his sentence was based on enhancements to which he did not admit and which were not proved to a jury beyond a reasonable doubt,[3] his sentence should be vacated pursuant to the holdings of *Blakely* and *Booker*.

Both *Blakely* (decided June 24, 2004) and *Booker* (decided January 12, 2005) were decided after McKee's conviction became final (February 23, 2004).[4] The Eleventh Circuit Court of Appeals has held that neither *Blakely* nor *Booker* is retroactively applicable to cases on collateral review.  *Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005); *see In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *In re Dean*, 375 F.3d 1287 (11th Cir.

---

[2]In *Blakely*, the Supreme Court held that any fact, except for the fact of a prior conviction, increasing the penalty for a crime must be admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt. 542 U.S. at 303.  In *Booker*, the Supreme Court expressly applied *Blakely*'s reasoning to the Federal Sentencing Guidelines and held that, in order to pass constitutional muster, the federal guidelines must be considered as advisory rather than mandatory. 543 U.S. at 258-59.

[3]The district court increased McKee's offense level (i) by sixteen levels based on a monetary loss of more than $1,000,000, *see* U.S.S.G. § 2B1.1(b)(1)(I); (ii) by two levels for using sophisticated means in committing the offense, *see* U.S.S.G. § 2B1.1(b)(8); (iii) by two levels due to McKee's conviction under 18 U.S.C. § 1956, *see* U.S.S.G. § 2S1.1(b)(2)(B); and (iv) by two levels based on McKee's role as an organizer/leader of the criminal activity, *see* U.S.S.G. § 3B1.1(c).

[4]A conviction is final on the day the Supreme Court denies a convicted defendant's certiorari petition or renders a decision on the merits).  *See Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001).

2004). Accordingly, McKee's claim invoking *Blakely* and *Booker* entitles him to no relief in this collateral proceeding.

McKee argues that should this court find that *Blakely* and *Booker* are not retroactively applicable to his claim, the court should still consider his claim under a plain error analysis. (Doc. No. 2 at 18-20.) However, "[b]ecause it was intended for use on direct appeal, ... the 'plain error standard' is out of place when a prisoner launches a collateral attack against a criminal conviction...." *United States v. Frady*, 456 U.S. 152, 164 (1982); *see also Reece v. United States*, 119 F.3d 1462, 1467-68 (11th Cir. 1997). McKee cannot sidestep the non-retroactivity standard of *Teague v. Lane*, 489 U.S. 288 (1989), by presenting a non-retroactive claim for the first time in § 2255 proceeding for review under the plain error standard.[5]

## B.    Ineffective Assistance of Counsel

### 1.    *Standard of Review for Ineffective Assistance*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both parts of the test set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668

---

[5]For McKee to obtain review of the merits of his *Blakely/Booker* claim, he must satisfy the "cause and actual prejudice" standard stated in *Wainwright v. Sykes*, 433 U.S. 72 (1977). *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Reece v. United States*, 119 F.3d 1462, 1467-68 (11th Cir. 1997). McKee asserts the ineffective assistance of his counsel in failing to present a *Blakely/Booker*-type argument at sentencing as "cause" for his failure to raise this claim at any time prior to his § 2255 motion. However, as noted below in this Recommendation, McKee fails to establish that his counsel's performance, in failing to raise a *Blakely/Booke*r-type claim, was constitutionally deficient.

(1984). The *performance* part requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* part requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 690.

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 2.   *Ineffective Assistance: Failure to Raise Blakely/Booker-type Argument*

McKee argues that his counsel rendered ineffective assistance at sentencing by failing to raise a *Blakely/Booker*-type argument that the enhancement of his offense level based on judicial fact-finding violated his Sixth Amendment rights. (Doc. No. 1 at 2; Doc. No. 2 at 20-24.)

McKee was sentenced on May 3, 2002. As noted above, his conviction became final with the Supreme Court's denial of his certiorari petition on February 23, 2004 – several months before either *Blakely* or *Booker* was decided. It is well settled that an attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel. *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir.

1997); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it." *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74).

McKee's counsel cannot be faulted for failing to anticipate the Supreme Court's decision in *Blakely*. Nor can counsel be deemed ineffective for lacking the prescience to anticipate that the holding in *Blakely* would then lead to the Supreme Court's decision in *Booker* to remedy potential Sixth Amendment problems in application of the federal guidelines by declaring the guidelines advisory only – particularly since the *Blakely* opinion makes clear that it expresses no opinion on the continuing validity of the federal guidelines, *see Blakely*, 542 U.S. at 305 n.9. Consequently, McKee has not established that his counsel's failure to raise a *Blakely/Booker*-type argument fell below an objective standard of reasonableness, and McKee is entitled to no relief based on this claim.[6] *See Strickland*, *supra*, 466 U.S. at 688.

### 3. *Ineffective Assistance: Conflict of Interest*

---

[6]McKee also appears to suggest that his counsel was ineffective for failing to argue that the district court's enhancement of his offense level based on its findings regarding specific offense characteristics violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, there was no basis for counsel to raise a claim under *Apprendi* because the district court sentenced McKee to a term of imprisonment within the prescribed statutory maximum for each offense. *See* 18 U.S.C. §§ 371; 1341; 1956(h); and 1956(a)(1)(A)(i). *Apprendi* only applies where a sentencing factor increases the penalty for a crime beyond the prescribed statutory maximum. *See Harris v. United States*, 536 U.S. 545, 558 (2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001). The fact that the district court applied enhancement provisions of the Sentencing Guidelines to shift each sentence upward *within* the applicable statutory range simply did not implicate the holding of *Apprendi*. *See Sanchez*, 269 F.3d at 1261. "*Apprendi* does not apply to judge-made determinations pursuant to the Sentencing Guidelines." *Id*. at 1262. Accordingly, McKee's counsel was not ineffective for failing to raise a claim based on *Apprendi*.

In a memorandum in support of his § 2255 motion, McKee raises what he acknowledges is a "bare bones" argument that he was denied effective assistance of counsel because of an actual conflict of interest between him and the lawyers who represented him throughout his criminal proceedings. (Doc. No. 2 at 9-16.) McKee suggests that this actual conflict of interest existed because one or both of his attorneys subsequently faced federal criminal charges and prosecution in an apparently separate matter, which supposedly diminished their ardor in defending McKee and divided their loyalties by making them beholden to prosecutors at the expense of their client. McKee provides virtually no details regarding the criminal proceedings against his attorney. When filing his § 2255 motion, McKee sought and obtained leave of this court to develop his conflict of interest claim in a supplemental pleading. (Doc. Nos. 3 and 4.) However, no such supplemental pleading was forthcoming from McKee.

In order to prevail on an ineffective assistance of counsel claim based on an alleged conflict of interest, a defendant must "establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *see also Smith v. White*, 815 F.2d 1401, 1405 (11th Cir. 1987).

> An "actual conflict" of interest occurs when a lawyer has "inconsistent interests." *Smith* [*v. White*], 815 F.2d [1401] at 1405 [(11th Cir. 1987)]. In order to prove that an "actual conflict" hindered petitioner's lawyer's performance, petitioner "must make a factual showing of inconsistent interests" or point to "specific instances in the record" to suggest an actual impairment of his or her interests. *Smith*, 815 F.2d at 1404.

*Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999) (citation omitted). In this case,

McKee's wholly conclusory allegations fail to demonstrate an actual divergence of interests between him and his counsel.  Moreover, McKee fails to show that his counsel's performance was adversely affected by the alleged conflict.  Accordingly, McKee is not entitled to any relief based on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by McKee be denied, as the claims therein entitle her to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 8, 2007**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 26th day of January, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE